UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: COMMERCIAL MONEY CENTER, INC., EQUIPMENT LEASE LITIGATION | Case No. 1:02CV16000 <br><br> (MDL Docket No. 1490) <br><br> JUDGE O'MALLEY <br><br> **MEMORANDUM AND ORDER** <br><br> **This Order Relates To Case Nos. 02CV16003, 02CV16010, and 03CV16000** |

This Court is the transferee court presiding over the Multidistrict Litigation ("MDL") known as *In re: Commercial Money Center, Inc. Equipment Lease Litigation*, MDL no. 1490. By Order of the Judicial Panel on Multidistrict Litigation (the "MDL Panel") dated October 25, 2002 (Doc. 1), numerous cases were transferred to this Court for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. Ultimately, 38 cases were made a part of the Commercial Money Centers MDL, and 15 cases remain pending.[1] This Court, by the within Order, hereby suggests to the MDL Panel that remand is now appropriate in Case Nos. 02CV16003, 02CV16010, and 03CV16000.

The federal multidistrict litigation statute, 28 U.S.C. § 1407, mandates that each transferred action "shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a). The ultimate decision of whether to remand a case from a

---

[1] By Order dated October 6, 2010 (Doc. 2478), the Court ordered that six cases be dismissed without prejudice, at the request of the parties. As of the date of this Order, twelve cases (other than the three as to which this Court has suggested remand) remain pending in the Northern District of Ohio. Of those twelve cases, eleven were originally filed in this District and are before this Court in its capacity as trial judge.

transferee court rests with the MDL Panel. *See* 28 U.S.C. § 1407. However, "[i]n considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. . . ." *In re Data General Corp. Antitrust Litigation*, 510 F. Supp. 1220, 1226 (J.P.M.L. 1979), *quoting In re Holiday Magic Sec. & Antitrust Litigation*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977).

A transferee judge should suggest remand to the MDL Panel only when the judge "perceives his or her role in the case has ended." *Kinley Corp. v. Integrated Resources Equity Corp. (In re Integrated Resources Equity Corp. Real Estate Ltd. Partnership Sec. Litig.)*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994). A suggestion of remand is appropriate only where a case will not "benefit from further coordinated proceedings as part of the MDL . . .", *McKinney v. Bridgestone/Firestone, Inc. (In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.)*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001), and "when everything that remains to be done is case-specific." *Id., quoting In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000).

Over the past eight years, in its role as transferee court, this Court has handled substantial motion practice and has overseen an extensive, multi-year discovery process, in coordination with related bankruptcy and state criminal proceedings. With the assistance of a Court-appointed mediator, numerous cases have settled.[2] Several cases also have been remanded to their transferor courts for trial. At this point, all common fact and expert discovery is complete in these cases, and all case-wide issues amenable to resolution in this transferee court have been

---

[2] As ordered by the Court in its Post-Ruling Partial Case Management Plan (Doc. 1739), mediation in these actions was conducted by Richard B. McQuade, Jr., a former federal judge.

resolved. The Court thus is of the view that coordinated proceedings no longer are of benefit in these cases, and that all remaining proceedings will be case-specific.

On August 9, 2010, this Court issued a Status Order (Doc. 2465), which required that any party objecting to remand in any of these cases file such objection with the Court on or before August 31, 2010. The Court has not received any objections to remand in any of these actions.

For all of the foregoing reasons, the Court concludes that the civil actions identified in the within Order are now ripe for remand to the transferor courts for final disposition. Accordingly, this Court hereby suggests that the MDL Panel order remand in the following actions:

(1)  Case No. 02CV16003, to the United States District Court for the Southern District of California;

(2)  Case No. 02CV16010, to the United States District Court for the District of Nevada; and

(3)  Case No. 03CV16000, to the United States District Court for the Southern District of California.

**IT IS SO ORDERED.**

                                        s/Kathleen M. O'Malley
                                        **KATHLEEN McDONALD O'MALLEY**
                                        **UNITED STATES DISTRICT JUDGE**

**Dated: October 6, 2010**

79005-1